

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 27, 1939

Mr. C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. 0-635
Re: Commissioners' Court must advertise
for competitive bids.

This will acknowledge receipt of your letter
of March 21, 1939, in which you submit for an opinion
of this Department the following question:

"Would it be legal to advertise for bids
when the person advertising has full knowledge
of the fact that it would be impossible to re-
ceive competitive bids even though the person
desiring to make the purchase wanted the speci-
fic type of machinery asked for?"

Article 1659, Revised Civil Statutes of Texas,
1925, reads as follows:

"Supplies of every kind, road and bridge
material, or any other material, for the use
of said county, or any of its officers, de-
partments, or institutions must be purchased
on competitive bids, the contract to be awarded
to the party who, in the judgment of the com-
missioners court, has submitted the lowest and
best bid. The county auditor shall advertise
for a period of two weeks in at least one
daily newspaper, published and circulated in
the county, for such supplies and material ac-
cording to specifications, giving in detail
what is needed. Such advertisements shall
state where the specifications are to be found,

and shall give the time and place for receiv-
ing such bids. All such competitive bids
shall be kept on file by the county auditor
as a part of the records of his office, and
shall be subject to inspection by any one
desiring to see them. Copies of all bids
received shall be furnished by the county
auditor to the county judge and to the com-
missioners court; and when the bids received
are not satisfactory to the said judge or
county commissioners, the auditor shall re-
ject said bids and re-advertise for new bids.
In cases of emergency, purchases not in ex-
cess of one hundred and fifty dollars may be
made upon requisition to be approved by the
commissioners court, without advertising for
competitive bids."

It was held in the case of Wyatt Metal & Boiler
Works vs. Fannin County, 111 SW (2nd) 787 that Article
1659, supra, manifests an intent on the part of the Legis-
lature to declare a public policy necessitating competi-
tive bidding. It was held in this case that a written
contract or award whereby the Commissioners' Court at-
tempted to ratify purchase of culverts from a manufacturer
pursuant to advertisement for bids which described culver
by trade name was invalid under the provisions of Article
1659, requiring advertisement "according to specification

You state in your inquiry that to establish cer-
tain specifications in the advertisement will have the
effect of eliminating competitive bidding in that but one
bid would be received. The Commissioners' Court is given
broad discretionary powers with respect to establishing
and setting specifications for equipment to be purchased
by and used by the county. Having set those specificatio
they must then submit them by advertising the same to all
those who care to bid. It is immaterial if but one perso
or firm cares to bid on the particular machinery desired
by the county.

It is therefore the opinion of this Department
and you are so advised that competitive bidding under the

circumstances stated by you is not only legal but mandatory upon the Commissioners' Court.

Trusting that this satisfactorily answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL